## IN THE CIRCUIT COURT FOR WASHINGTON COUNTY, TENNESSEE

DERRICK AIKENS

VS.

Civil Action # 33209

JEFF JENKINS,
ROBERT EDWARDS
CITY OF JOHNSON CITY, TENNESSEE

Filed ___9___ day of
___May___ 20 _14_ at _____
_4:30_ o'clock _P_ M

Karen Guinn, Clerk

### CIVIL COMPLAINT

1.  This action arises under the Fourth and Fourteenth Amendments to the United
    States Constitution; under 42 USC §1983 and 1988; TCA 29-20-101 et seq., and
    Tennessee common law

2.  The Plaintiff, Derrick Aikens, is a citizen and resident of Johnson City, Tennessee.

3.  Defendants Jeff Jenkins and Robert Edwards are police officers employed by the
    defendant City of Johnson City, Tennessee, a municipal corporation pursuant to the
    laws of the state of Tennessee.

4.  At all time material hereto defendants Jenkins and Edwards were acting in their
    capacity as police officers for the City of Johnson City. and were acting under color
    of state of law.

5.  At all times material hereto the defendants Jenkins and Edwards were acting
    within the course and scope of their duties as police officers for the City of Johnson
    City. and were acting under color of state law.

I HEREBY CERTIFY THAT THIS IS A TRUE AND
EXACT COPY OF THE ORIGINAL DOCUMENT AS
IT APPEARS AT THE WASHINGTON COUNTY
CIRCUIT COURT.
KAREN GUINN, CLERK
_____ D.C.

1

6.     At all times material hereto the defendants Jenkins and Edwards were acting as agents for the City of Johnson City.

7.     At all times material hereto the defendant City of Johnson City was acting as a principal for it's agents, defendants Jenkins and Edwards.

8.     The events complained of herein occurred within the corporate limits of the City of Johnson City, and in Washington County, Tennessee

9.     On May 10, 2013, the Plaintiff, Aikens, was driving in the area of N. Roan Street of Johnson City, Tennessee, on the way to pick his up daughter and bring her home. Aikens was not observed to have violated any laws.

10.    On May 10, 2013, within the corporate limits of Johnson City, Tennessee, in Washington County, defendant police officer Jeff Jenkins stopped a vehicle that Aikens was driving. On the date in question a BOLO had been issued for a "bigger black male with long dreadlocks" possibly driving a "purple Chrysler". The ostensible reason for this stop occurred when Jenkins observed Aikens on E 8th Ave in Johnson City, TN, wherein, Jenkins conducted a "felony traffic stop". Officer Jenkins alleges in the Affidavit of Complaint that Aikens refused to comply with his commands to exit the vehicle, whereupon defendant Edwards released his police dog (K9 Cliff) to attack Aikens. Aikens sustained puncture wounds to his left leg as a result of the K9 attack. Aikens sustained additional injuries as a direct and proximate result of the intentional and/or negligent acts of Jenkins and Edwards and other police officers, unknown to the defendant, acting at their direction.

2

11. Aikens was subsequently arrested and charged with Resisting Arrest, pursuant to TCA 39-16-602, and filed in the General Sessions Court of Washington County, Tennessee, under Case Number 0092126.

12. The defendant moved to dismiss this charge on the basis that the facts alleged in the the Affidavit of Complaint failed to state an essential element necessary to establish the offense of resisting arrest, to wit: there was no allegation that Aikens resisted arrest by the use of physical power or violence when law enforcement officer's commanded Aikens to exit the vehicle. The court granted the Motion to Dismiss and dismissed the pending charges against Aikens.

13. The plaintiff alleges that defendant Jenkins had no lawful basis to stop the plaintiff initially because the plaintiff was not driving a purple Chrysler and the description of a "bigger black male with long dredlocks" was too imprecise to justify this stop, and that, therefore, such stop was based on nothing more than racial profiling. Nevertheless, even if the stop initially was justified, defendant Jenkins' subsequent handing of the proceedings was unlawful. Apparently defendant Jenkins called for other police officers to assist. In response thereto, numerous officers of the Johnson City Police Department, including defendant Robert Edwards arrived at the scene of the stop. As defendant Jenkins was ordering the plaintiff to exit his automobile Officer Edwards was within a few feet of plaintiff's automobile and his K9 dog was barking and growling menacingly and other officers, unknown to the plaintiff, were pointing guns at the plaintiff and issuing orders to him. Plaintiff was justifiably terrified that any perceived wrong move on his part would result in bodily injury up to and including death, consequently he reacted extremely cautiously even

3

while trying to comply with the orders that were being issued not only by defendant Jenkins, but by other officers as well. His slowness to react was unsatisfactory to defendant Jenkins and Edwards and they therefore ordered the K9 dog to attack the plaintiff, which he did. The dog bit the plaintiff several times and simultaneously police officers seized the plaintiff, drug him from the car, threw him to the ground, and handcuffed him. This action was unjustified and/or excessive and constituted an assault upon the plaintiff. While handcuffed, defendant Jenkins or officers subject to his direction further assaulted the plaintiff by dragging the plaintiff by his arms and shoulders and thereby putting excessive force on his shoulders, arms and wrists. This action was unjustified and/or excessive and constituted an assault upon the plaintiff. At no time did the plaintiff offer any physical resistance to his seizure or subsequent treatment. In the course of this conduct, various police officers, including defendants Jenkins and Edwards, questioned the plaintiff and verbally abused him. They searched his car numerous times, without justification, but never found anything of an incriminating nature. It was raining during this incident to such an extent that police officers donned rain gear, but they took no action to protect the plaintiff from the inclement weather, but, rather required him to lie on the ground for an extended period of time.

14.    Plaintiff alleges that it quickly became apparent that plaintiff was not the individual that the police were seeking, but defendant Jenkins in concert with his departmental supervisors, rather than attempting to rectify his mistake, undertook to falsely arrest, falsely imprison, and maliciously prosecute the plaintiff for the criminal offense of resisting arrest (a violation of TCA 39-16-602). This action by defendant

4

Jenkins was undertaken for the purpose of covering up his unwarranted conduct as a police officer for the City of Johnson City. His action in lodging this charge was done with the full knowledge and support of his superiors in the Johnson City Police Department. All of the foregoing action by defendant Jenkins also constituted a violation of plaintiff's constitutional right against unlawful search and seizure guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and therefore creates a cause of action pursuant to 42 USC §1983.

15.                                                    COUNT 1

16.     Based upon the allegation contained in ¶1-14, the plaintiff, Derrick Aikens, sues defendant Jeff Jenkins for assault and battery; false arrest; false imprisonment; malicious prosecution; and violation of his civil rights pursuant to 42 USC §1983, specifically, the right to be free from unreasonable searches and seizures, the right not to be deprived of liberty without due process of law, the right to be free from excessive use of force by persons acting under color of law, the right to be free from false arrest, false imprisonment, and malicious prosecution.

17.                                                    COUNT 2

18.     Based upon the allegation contained in ¶1-14, the plaintiff, Derrick Aikens, sues defendant Robert Edwards for assault and battery; and violation of his civil rights pursuant to 42 USC §1983, specifically, the right to be free from unreasonable searches and seizures, the right not to be deprived of liberty without due process of law, the right to be free from excessive use of force by persons acting under color of law.

19.                                                    COUNT 3

5

20. Based upon the allegation contained in ¶1-14, the plaintiff, Derrick Aikens, sues defendant City of Johnson City, Tennessee for assault and battery; false arrest; false imprisonment; malicious prosecution; and violation of his civil rights pursuant to 42 USC §1983, specifically, the right to be free from unreasonable searches and seizures, the right not to be deprived of liberty without due process of law, the right to be free from excessive use of force by persons acting under color of law, the right to be free from false arrest, false imprisonment, and malicious prosecution

21. The plaintiff alleges the City of Johnson City is liable for the conduct of its police officer employees as set out above because of its failure to implement appropriate policies regarding stops and seizures of citizens in circumstances amounting to less than probable cause to arrest and

22. The City of Johnson City is liable for the conduct of its police officer employees as set out above because of its failure to implement appropriate policies regarding use of force in stops and seizures of citizens and

23. The City of Johnson City is liable for the conduct of its police officer employees as set out above because of its failure to implement appropriate policies regarding treatment of citizens after their seizure and

24. The City of Johnson City is liable for the conduct of its police officer employees as set out above because of its failure to properly train and supervise them regarding stops and seizures of citizens in circumstances amounting to less than probable cause to arrest and

6

25. The City of Johnson City is liable for the conduct of its police officer employees as set out above because of its failure to properly train and supervise them regarding use of force in stops and seizures of citizens and

26. The City of Johnson City is liable for the conduct of its police officer employees as set out above because of its failure to properly train and supervise them in regard to appropriate procedures regarding treatment of citizens after their seizure and

27. The City of Johnson City is liable for the conduct of its police officer employees as set out above because of its failure to properly train and supervise them as to the legal elements of the criminal offense of resisting arrest and

28. The City of Johnson City is liable for the conduct of its police officer employees as set out above because of its failure to properly train and supervise them as to charging a citizen with the criminal offense of resisting arrest.

29. In addition to the dog bite wound previously alleged, the plaintiff suffered injuries to his wrists and hands and has incurred medical expenses for the treatment thereof.

30. He has suffered emotional distress as a result of this incident.

31. He was subjected to public humiliation both at the scene and as a result of his arrest

32. He has incurred legal expenses to defend himself in court on the charge of resisting arrest, including attorney fees and bail bond fees.

33. As a direct and proximate result of the defendants' conduct, the plaintiff suffered general and special damages.

34. The conduct of the defendants was willful, malicious, oppressive and/or reckless and was of such a nature that punitive damages should be imposed.

7

35.

36.   WHEREFORE premises considered, plaintiff demands:

1.  Process issue and be served upon all defendants;

2.  Judgment in the amount of $100,000 compensatory damages as to each defendant;

3.  Judgment in the amount of $100,000 punitive damages as to each defendant.

4.  Judgment for reasonable expenses incurred in litigation, including attorney fees.

5.  A jury to try this cause.

6.  General relief.

Counsel for the Plaintiff:

James T. Bowman
Attorney at Law (BPR 940)
128 E. Market Street
Johnson City, TN 37604
(423) 926-2022

Nikki Himebaugh
Attorney at Law (BPR  )
128 E. Market Street
Johnson City, TN 37604
(423) 557-5321

8

## COST BOND

We acknowledge ourselves sureties for costs in the amount of $ 500.⁰⁰

James T. Bowman
Attorney at Law (BPR 940)
128 E. Market Street
Johnson City, TN 37604
(423) 926-2022

Nikki Himebaugh
Attorney at Law (BPR )
128 E. Market Street
Johnson City, TN 37604
(423) 557-5321

9